BARRY S. JORGENSEN, ESQ. [SBN: 79620]
750 N. Diamond Bar Blvd., Suite 224
Diamond Bar, CA 91765
Telephone: (909) 396-7200
Fax: (909) 396-4786

Attorney for Plaintiff, Judi Booth

UNITES STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JUDI BOOTH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC; BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, as Trustee for the Certificateholders of the CWALT, Inc., alternative loan trust 2006-5T2 Mortgage Pass-Through certificates, series 2006-5T2; RESIDENTIAL CREDIT SOLUTIONS, INC., SAGE POINT LENDER SERVICES, LLC; and DOES 1-50, Inclusive,<br><br>　　　　Defendants. | Case No. 8:14-dv-01162-AG-AN<br><br>HON. ANDREW J. GUILFORD<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:　　September 8, 2014<br>Time:　　10:00 A.M.<br>Ctrm:　　10D<br>Judge:　　Hon. Andrew J. Guilford |

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff JUDI BOOTH hereby submits the following Opposition to the

Motion to Dismiss filed by Defendants BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC, ALTERNATIVE LOAN TRUST 2006-5T2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-5T2 ("BONY"), and RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS").

## 1. INTRODUCTION

Plaintiffs filed a Complaint in the Orange County Superior Court, Central Justice Center, alleging five causes of Action for (1) Violation of Business and Professions Code § 17200; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Fraud and Misrepresentation; (4) Negligence; and (5) Violation of California Civil Code § 2923.5.

On July 23, 2014, BONY and RCS removed this case to this Federal Court.

At this time, BONY and RCS bring their Motion to Dismiss as to all five causes of action.

## 2. STATEMENT OF FACTS

On or about October 24, 2005, Plaintiff obtained $500,000 home loan from COUNTRYWIDE, secured by a Deed of Trust.

Plaintiff alleged that the she was a victim of fraud because she was promised a prime rate loan, but, in fact, actually received a sub-prime loan.

Thereafter, BONY acquired the aforementioned home loan in which Plaintiff has alleged that BONY assumed the liability of the loan, including any allegations of fraud or wrongful conduct, of any kind, which, in any way related to the aforementioned home loan.

In or about early January 2012, Plaintiff contacted BONY for purposes of obtaining a loan modification, and, thereafter submitted a loan application with supporting documents. Plaintiff alleges that BONY systematically told her that the modification was "being processed, "or words to similar effect. Essentially, BONY was doing nothing more than stalling the review of Plaintiff's request for a loan modification.

In or about February, 2012, Plaintiff re-submitted to BONY, an application and supporting documents for the Making Home Affordable government modification program.

Unbeknownst to Plaintiff, in or about June 2013, RCS began servicing the loan on behalf of BONY.

On or about February 28, 2014 Plaintiff received a Notice of Default from SAGE, however, SAGE was not the duly appointed trustee with the authority to conduct foreclosure proceedings as it pertains to the subject property. Furthermore, no one on behalf of RSC, ever contacted Plaintiff the Notice of Default as required by California Civil Code Section 2923.5.

Plaintiff was never made aware that RCS was servicing his loan until he received the Notice of Default which stated that Melony Deguire from SAGE is the authorized agent of BONY.

Plaintiff then immediately contacted RCS in an effort to save her home. She informed RCS that she was never given notice that RCS was the new servicer for her home loan and that she would like to seek alternatives to foreclosure.

RCS representative informed Plaintiff that a modification application could be submitted.

On or about May 29, 2014, Plaintiff received a Notice of Trustee sale from SAGE informing her of a trustee sale schedule for her property with a sale date of June 27, 2014.

### 3. STANDARDS FOR RULING ON MOTION TO DISMISS

Pursuant to FRCP Rule 12(b)(6) a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. [*Conley v. Gibson* (1957) 355 U.S. 41, 45-46]

A motion to dismiss, similar to a demurrer in a California Superior Court, tests the sufficiency of the pleadings. In this regard, to prevail on a motion to dismiss, a plaintiff need only provide a "short and plain statement of the claim. [FRCP Rule 8].

///

**4. PLAINTIFF REQUESTS LEAVE TO FILE A FIRST AMENDED COMPLAINT SINCE HER COMPLAINT WAS FILED IN SUPERIOR COURT AND WAS NOT DRAFTED WITH THE INTENT TO COMPLY WITH FEDERAL LAW**

A major contention of BONY and RCM is that Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure, however, it should be noted that when Plaintiff filed her Complaint in the Orange County Superior Court, she did not anticipate that her case would be removed to federal court. As such, when Plaintiff drafted her complaint, each of the five causes of action was drafted with the intent to comply with California state law, not Federal law.

Though BONY and RSC have removed this case to this Federal Court, Plaintiff has since filed a Motion for Remand to State Court, which has been set for hearing in this Court on September 22, 2014. Based on these facts, Plaintiff respectfully requests that the hearing of this motion to dismiss be continued until after this Court has ruled on Plaintiff's Motion for Remand to State Court.

If this Court overrules Plaintiff's Motion for Remand to State Court, Plaintiff requests that she be given the opportunity to file a First Amended Complaint in compliance with Federal Law.

Dated: August 18, 2014

_____
BARRY S. JORGENSEN, ESQ.
Attorney for Plaintiff, Judi Booth

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 750 North Diamond Bar Blvd., Ste. 224, Diamond Bar C.A. 91765.

On **August 18, 2014**, I served the foregoing document(s) described/ titled as:

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

on the following interested parties by the method described:

**See Attached Service List**

☒ **BY MAIL:** I placed the original of the foregoing document in a sealed envelope addressed to each interested party as set forth. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Diamond Bar, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing an affidavit.

☐ **BY OVERNIGHT CARRIER:** I placed the original of the foregoing document in a sealed envelope, box, or other facility maintained by Fedex or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents with delivery fees paid for or provided for.

☐ **VIA HAND DELIVERY**

☐ **BY FACSIMILE:** I sent by facsimile transmission such document(s) to the numbers indicated and confirmed successful transmission of all pages. A transmission report was properly issued by the sending facsimile machine for each interested party served.

| | | |
|---|---|---|
| 1 | ☐ | **BY ELECTRONIC MAIL: (BY EMAIL OR ELECTRONIC TRANSMISSION)** |

☐ **BY ELECTRONIC MAIL: (BY EMAIL OR ELECTRONIC TRANSMISSION)**

Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I sent by email or electronic transmission such document(s) to the emails indicated. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF ELECTRONIC FILING**: I caused the above entitled document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to the Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ **(STATE)** I declare under penalty of perjury that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 18, 2014** at Diamond Bar, California.

*/s/ Virginia Ramirez*
Virginia Ramirez

## SERVICE LIST
### (CASE NO.: 8:14-dv-01162-AG-AN)

a) **CHRIS C. CHAPMAN**
   **AMSL LEGAL GROUP, LLP**
   400 Exchange, Suite 100
   Irvine, California 92602
   *Attorneys for Defendants, BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-5T2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-5T2; and RESIDENTIAL CREDIT SOLUTIONS, INC. and SAGE POINT LENDER SERVICES, LLC.*

b) **JAMIE D. WELLS**
   **REED SMITH LLP**
   101 Second Street, 4 Suite 1800
   San Francisco, CA 94105-3659
   Attorneys for Defendants Countrywide Home Loans, Inc. and Bank of New York Mellon FKA Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-5T2 Mortgage Pass-Through Certificates, Series 2006-5T2 (erroneously sued as "Bank of New York Mellon FKA Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-5T2")