JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1162 AG (AN) | Date | September 30, 2014 |
|---|---|---|---|
| Title | JUDI BOOTH v. COUNTRYWIDE HOME LOANS, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**      **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Judi Booth ("Plaintiff") filed this complaint in state court against Defendants Countrywide Home Loans, Inc. ("Countrywide"); Bank of New York Mellon ("BNY"); Residential Credit Solutions, Inc. ("RCS"); and Sage Point Lender Services, LLC. Plaintiff alleges state law violations concerning Defendants' attempt to foreclose on a home loan without considering Plaintiff's requests for a loan modification. Defendants removed this case to federal court under diversity jurisdiction. Because Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000, the case is REMANDED to state court.

On September 4, 2014, the Court ordered Defendants to show cause why the case should not be remanded for failure to satisfy the amount in controversy threshold. The Order stated:

> Defendants rightly note in the Notice of Removal that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). But Defendants argue, too simplistically, that the "object of the litigation" in

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1162 AG (AN) | Date | September 30, 2014 |
|---|---|---|---|
| Title | JUDI BOOTH v. COUNTRYWIDE HOME LOANS, INC., et al. | | |

this case is the value of the underlying property securing the loan. Plaintiff hasn't contested Defendants' assertion. Nevertheless, the Court has concerns.

Plaintiff seeks relief relating to the premature filing of a Notice of Default and some fraudulent misrepresentations made during the loan modification process. In this case, the Court fails to see how the value of the property is the appropriate measure of the amount in controversy. *See, e.g.*, *Cross v. Home Loan Mortg. Corp.*, CV 11-04728 DMG RZX, 2011 WL 2784417, at *2 (C.D. Cal. July 15, 2011) ("[T]he test for determining the amount in controversy is the *pecuniary result* to either party which the judgment would directly produce.") (emphasis added).

Accordingly, the Court ORDERS Defendants to show cause in writing within 14 days of this Order why this action should not be remanded, demonstrating that the possible pecuniary result to either party exceeds $75,000. Plaintiff may submit a response within seven days of Defendants' filing.

In their response to that Order, Defendants do not establish that the possible pecuniary result to either party exceeds $75,000. Instead they reiterate the same assertion they made in the Notice of Removal—that the entire amount of the loan is at issue because Plaintiff seeks to stay the foreclosure proceedings. Defendants have not established that such a stay could possibly deprive them of the entire value of the loan. Therefore, they have failed to meet their burden as to the amount in controversy.

This case is REMANDED.

```
                                              :    0
                                    _____
             Initials of
             Preparer
                                    _____
```

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1162 AG (AN) | Date | September 30, 2014 |
|---|---|---|---|
| Title | JUDI BOOTH v. COUNTRYWIDE HOME LOANS, INC., et al. | | |